UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GARRISON BUILDERS, LLC, ET AL. | CIVIL ACTION |
| VERSUS | NO: 22-3664 |
| FORD MOTOR CO. | SECTION: "A" (2) |

**ORDER**

The following motion is before the Court: **Motion to Transfer Venue Under 28 U.S.C. § 1404(a) (Rec. Doc. 3)** filed by the defendant, Ford Motor Co. The plaintiffs, Garrison Builders, LLC and Sanderson Services, LLC, oppose the motion. The motion, noticed for submission on December 7, 2022, is before the Court on the briefs without oral argument.

The plaintiffs, Garrison Builders, LLC and Sanderson Services, LLC, have filed this putative class action against Ford Motor Co. alleging a defect in the CP4 high-pressure fuel injection pump used in its diesel trucks. Although the alleged defect has been observed nationwide, the specific putative class in this case pertains to "persons or entities in Louisiana." (Rec. Doc. 1, Complaint at 13). A nationwide putative class action, that includes state-by-state putative class claims, is pending in the Eastern District of Michigan, which is where Ford has its principal place of business. *Droesser v. Ford Motor Co.*, No. 5:19-cv-12365 (E.D. Mich.).

Ford moves to transfer this action pursuant to 28 U.S.C. § 1404(a) to the Eastern District of Michigan, a district where the litigation could have been brought, for

1

consolidation with the *Droesser* litigation.[1]

The party seeking a § 1404(a) transfer must show good cause, which incorporates the statutory requirement that the transfer be for the convenience of the parties and the witnesses, and in the interest of justice. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008). Courts in this circuit are guided by private and public interest factors when determining whether good cause has been shown for a contested § 1404(a) transfer. *Id.* (citing *Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963)).

The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Id.* (citing *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir.2004)). The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law. *Id.*

Ford's overarching concern in urging a transfer is the inefficiency and

---

[1] The Change of Venue statute reads in relevant part:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. § 1404(a).

2

wastefulness inherent in conducting duplicative litigation given that the putative nationwide class action in *Droesser* includes state-by-state claims.

But the future of the *Droesser* case is uncertain because a motion to dismiss is pending in that litigation. And Ford's credibility suffers when it argues that discovery is complete in *Droesser*; discovery is complete in *Droesser* only because counsel reached an agreement to use the discovery taken in a Texas case (*Stevens*), that the presiding judge declined to transfer to the Eastern District of Michigan when Ford moved to do so.

Ford's motion to transfer this case to the Eastern District of Michigan, which is rife with criticisms of the litigation practices of the Louisiana attorneys who brought this case, argues that the private and public interest factors applicable to a § 1404(a) transfer decision support its case but they do not. For instance, there is no reason to assume that the non-party witnesses (none of whom Ford identifies) actually continue to reside where a court in Michigan could subject them to compulsory process. And as the judge in *Stevens* pointed out when denying a similar motion to transfer, the availability of electronic transmission of documentary evidence diminishes concerns about relative ease of access to proof. It is clear that by transferring this case to Michigan any inconvenience that Ford would face in litigating here would be foisted upon the Louisiana plaintiffs and in far worse magnitude. In other words, the proposed transfer in this case is for the convenience of only one party.

Finally, Plaintiffs point out in their opposition that when Ford contacted them about the transfer they very reasonably suggested that many of Ford's concerns would be allayed by a temporary stay in this case. Plaintiffs reiterated this suggestion to the

3

Court in their opposition memorandum. Plaintiffs' suggestion of a stay in this case to allow the *Stevens* case in Texas to conclude is reasonable and alleviates any concern with Ford having to litigate certain common issues twice and in two forums.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Transfer Venue Under 28 U.S.C. § 1404(a) (Rec. Doc. 3)** filed by the defendant, Ford Motor Co. is **denied**.

**IT IS FURTHER ORDERED** that this matter is **stayed** and the Clerk of Court shall **close** the case for administrative reporting purposes. The case will be reopened upon motion of either party once circumstances change in either the *Droesser* or *Stevens* matter.

December 14, 2022

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE